UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONJA B. CARTER, in her capacity as Personal Representative of the ESTATE OF NELLE HARPER LEE,<br><br>Plaintiff,<br><br>v.<br><br>RUDINPLAY, INC., a New York Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:18-cv-117<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO SEAL
EXHIBIT B TO THE COMPLAINT**

Plaintiff Tonja B. Carter, in her capacity as Personal Representative of the Estate of Nelle Harper Lee (the "Estate"), hereby moves the Court, pursuant to Local Rule 5.2(b)(2), for an order sealing a copy of the March 5, 2018 letter that is identified as Exhibit B to the Complaint.

In support of this motion, Plaintiff states the following:

1. On March 12, 2018, Plaintiff filed a Complaint seeking a declaratory judgment against Defendant Rudinplay, Inc.

2. The Complaint alleges that Rudinplay entered into a contract with Nelle Harper Lee ("Ms. Lee") whereby Ms. Lee granted to Rudinplay certain exclusive

1

live stage rights in and to her novel *To Kill a Mockingbird* for the purpose of Rudinplay's producing a play based on the novel (the "Contract"). A copy of the Contract is attached to the Complaint as Exhibit A.

3. The Complaint further alleges that the current script for the play violates Paragraph 12 of the Contract, which provides that "the Play shall not derogate or depart in any manner from the spirit of the Novel nor alter its characters."

4. Because the script for the play has not been made public, and contains material that Rudinplay (and the playwright) likely would consider confidential or proprietary material, Plaintiff did not recite or paraphrase any portion of the script in her Complaint.

5. Although Plaintiff generally described her March 5, 2018 letter to Rudinplay setting forth many of her concerns about the script—and the ways in which it violates Paragraph 12 of the Contract—Plaintiff did not recite or paraphrase any portion of that letter that would disclose the specifics of the script. Instead, Plaintiff stated that a copy of the March 5, 2018 letter would be attached as Exhibit B to the Complaint and filed under seal.

6. The Complaint contains a placeholder page for Exhibit B, which states that the exhibit will be filed under seal.

7. Plaintiff now seeks to file a copy of the March 5, 2018 letter under seal. The document is a 10-page letter from Ms. Carter to Scott Rudin of Rudinplay stating

2

Ms. Carter's position (on behalf of the Estate) that the current script for the play to be produced by Rudinplay violates Paragraph 12 of the Contract because it derogates or departs from the spirit of Ms. Lee's novel and alters several of the characters. The letter contains a detailed (but not exhaustive) list of ways in which the script derogates or departs from the spirit of the novel and alters its characters, including descriptions of specific passages from the script.

8. Plaintiff seeks to file the March 5, 2018 letter under seal to protect confidential, proprietary information of Rudinplay contained and referenced in that document—namely, quotes and descriptions of the draft script of a play that has not yet been made public. As a work fixed in a tangible medium of expression, the draft script is within the subject matter of copyright. *See* 17 U.S.C. § 102(a) (copyright protection "subsists . . . in original works of authorship fixed in any tangible medium of expression . . . [including] literary works . . . [and] dramatic works").

9. Courts often consider publication or excerpting of copyrightable works (even unpublished) for use in judicial proceedings as a "fair use" pursuant to Section 107 of the Copyright Act. *See*, *e.g.*, *Bond v. Blum*, 317 F.3d 385, 396-97 (4th Cir. 2003), *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, ___ U.S. ___, 136 S. Ct. 1979 (2016) (fair use protected lawyers' and parties' use of an unpublished manuscript as evidence in a lawsuit, even though the entire manuscript had been copied without the author's permission); *Religious Tech. Ctr. v.*

*Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) (per curiam) (use of confidential copyrighted documents in evidence was fair use under 17 U.S.C. § 107 and not an infringement of copyright); *Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir. 1982) (fair use when copies of films were made "not for subsequent use and enjoyment, but for evidence to be used in the nuisance abatement proceedings"); *Hollander v. Steinberg,* 419 Fed. Appx. 44, 2011 WL 1252414, at 47, *3-*4 (2d Cir. Apr. 5, 2011) (unpublished) (lawyer's use of unpublished essays in two judicial proceedings constituted fair use).

10. Plaintiff is concerned, however, that if this document is not sealed, then Rudinplay will take the position that the filing infringes Rudinplay's copyright in the draft script or otherwise diminishes the commercial value of Rudinplay's intellectual property in the script. To avoid that result, Plaintiff requests sealing for the duration of this lawsuit. Sealing this single document is preferable to sealing the entire Complaint.

11. Pursuant to Local Rule 5.2(b)(2), Plaintiff files separately, *in camera* and under seal, the document proposed to be sealed.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order sealing the copy of the March 5, 2018 letter (identified as Exhibit B to the Complaint). A proposed order is attached.

Respectfully submitted,


                                              *s/ Matthew H. Lembke*
                                              Matthew H. Lembke
                                              Attorney for Plaintiff

OF COUNSEL

Matthew H. Lembke
Jeffrey M. Anderson
Ellen Presley Proctor
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800


## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2018, the foregoing document was filed with the Clerk of Court using the CM/ECF system and a copy was served by first-class United States mail, postage prepaid, upon the following:

Rudinplay, Inc.
c/o Mr. Scott Rudin
Citrin Cooperman & Co.
529 Fifth Avenue, 4th Floor
New York, New York 10017


                                              *s/ Matthew H. Lembke*
                                              OF COUNSEL